# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**AUDREY GRIGSBY #255748,**

    **Plaintiff**,

                            **CIVIL ACTION NO. 06-12121**

vs.

                          **HON. CHIEF JUDGE BERNARD FRIEDMAN**
                          **HON. STEVEN D. PEPE**

**SHERILYN BUTLER, RN; WILLIAM HONOR, RN;**
**CAROLYNN DUBUE, RN; DR. BAVININI,**

    **Defendants**.

_____/

## REPORT AND RECOMMENDATION REGARDING DKT. #17 AND 18

      Audrey Grigsby is a prisoner in the custody of the Michigan Department of Corrections (MDOC).  On June 9, 2006, she filed this action under 42 U.S.C. §1983 against several defendants in their official and individual capacities.  Plaintiff alleges that Defendants were indifferent to her medical needs and failed to administer her prescription medications causing her to suffer in violation of her Eighth Amendment rights.  All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A) and (B).  Defendants Honor and Bavinini filed their motions to dismiss

based upon lack of exhaustion and other theories.[1]

This is a case where Plaintiff's claim fails because Plaintiff did not comply with the exhaustion requirements imposed on her by 42 U.S.C. §1997e of the Prison Litigation Reform Act ("PLRA"). For the reasons stated below, it is RECOMMENDED that Defendants' motions be GRANTED (Dkt. #17, 18) and Plaintiff's complaint be DISMISSED for failure to exhaust her administrative remedies pursuant to 42 U.S.C. §1997e.

**I.    BACKGROUND FACTS**

Analyzing the facts in the light most favorable to Plaintiff, they are as follows:

May 6, 2004 – Plaintiff is notified by the Robert Scott Correctional Health Care staff that she is out of medication (Dkt. # 1, p. 4).

May 13 or 14, 2004 – "Due to being out of medication" Plaintiff is transported to Huron Valley Center, where she is subjected to "treatment that is degrading and humiliating" causing "great emotional harm" (*Id.*).

In or around mid-August 2004 – Plaintiff is released from Huron Valley Center and returns to the Robert Scott Correctional Facility (SCF).[2]

---

[1] Plaintiff responded to Defendant Honor's motion to dismiss (Dkt. # 20) but filed a brief indicating that she had not been served with Defendant Bavinini's motion and could therefore not respond (Dkt. #21). On March 1, 2007, Defendant Bavinini filed a reply indicating that another copy of the motion had been served on Plaintiff and that, at any rate, the motion was virtually identical to Defendant Honor's motion and, therefore, Plaintiff's response to that motion could, in large part, be relied upon in response to Defendant Bavinini's motion (Dkt. #22). As of the date of this Report and Recommendation, Plaintiff has not filed a further response to Defendant Bavinini's motion. At any rate, it is of little consequence because this matter is being recommended for dismissal based on Plaintiff's failure to exhaust for the reasons argued in Defendant Honor's motion and Plaintiff's response to such.

[2] In her pleadings Plaintiff only states that she was hospitalized for approximately three months (Dkt. #1, p. 5).

October 19, 2004 – Plaintiff files her Step I grievance regarding the fact that she was transported to the Huron Valley Center after SCF ran out of her medication (Dkt. #17-3, p. 2). Of the four named defendants in this matter, the grievance names only Defendant R.N. Honor.

November 18, 2004 – Defendant R.N. Butler signed the Step I grievance as Respondent. On November 22, 2004, Defendant Honor signed as Reviewer (*Id.*). These defendants indicated that Defendant Dr. Bavinini had written prescriptions for the medications at issue such that Plaintiff's medical records at all times contained up-to-date prescriptions and that there had been a one day delay in filling the prescriptions due to pharmacy delay.

February 8, 2005 – Plaintiff filed a Step II appeal of the grievance, arguing that there was more than a one day lapse in her medication (Dkt. #17-3, p. 10). She indicated that she was without medication from May 6, 2004 until she was taken to Huron Valley Center on May 13 or 14, 2004.

March 16, 2005 – Plaintiff's Step II appeal is rejected as untimely (Dkt. #17-3, p. 11).

March 19, 2005 – Plaintiff files her Step III appeal (Dkt. #1, p. 6)

December 14, 2006 – Plaintiff's Step III grievance is denied (Dkt. #17-3, p. 12).

**II.   ANALYSIS**

In *Jones v. Bock*, – S.Ct. –, 2007 WL 135890 (2007), the Supreme Court overturned the Sixth Circuit's total exhaustion rule and its requirement that prisoner's specifically plead exhaustion in their complaints. Yet the PLRA's exhaustion requirement remains in effect and requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. §1997e(a), *see Booth v. Churner* 532 U.S. 731, 731 (2001).

The *Jones v. Bock* Court held that it is the state correction system's procedures which determine what requirements must be met in order for a grievance to be deemed procedurally proper.

3

The MDOC policy in effect at the time of the incident in question required filing a Step I grievance within five days of attempting to resolve the issue and a Step II appeal within five days of receiving an unsatisfactory Step I response (*See* Dkt. #17-4, pp.5-6 – MDOC P.D. 03.02.130 (X) and (DD)).

The actions about which Plaintiff complains in this case took place on May 6, 2004, when she found out her medications were not going to be filled and May 13 or 14, 2004, when she was hospitalized due to the inability of SCF to fill her medications. Plaintiff filed her Step I grievance on October 19, 2004.

Plaintiff does not offer any argument for not complying with MDOC's five day filing rule. And, even allowing for (a.) the excusable delay due to her hospitalization, which apparently lasted until mid-August[3] and (b.) an argument that the delay at Step I should be considered waived in that MDOC did not reject the grievance at Step I as untimely, Plaintiff's claims are still not properly exhausted in that she failed to timely file her Step II appeal.

Plaintiff's Step II appeal was due within five business days of the Step I response. It is undisputed that the Step I response in this matter was received on November 8, 2004, and Plaintiff's Step II appeal was submitted on February 8, 2004 (*see* Dkt. #1, p. 6) – well past the deadline and without an excuse for the delay. That appeal was rejected as untimely on March 16, 2005.

In *Woodford v. Ngo*, 126 S.Ct. 2378 (2006), the Supreme Court clarified that a prisoner cannot allow administrative filing deadlines to pass and then proceed to federal court arguing that no administrative remedies are available to him, but must follow the state corrections system's procedures and *properly* exhaust all administrative remedies before he may bring a cause of action

---

[3] This is argument is rather weak considering Plaintiff did not file her Step I grievance for two months after she returned from the hospital.

in federal court. While Plaintiff did file her grievance before the filing of this law suit, the Supreme Court made it clear that the PLRA's exhaustion requirement requires *proper* exhaustion. *Woodford v. Ngo*, *supra*, at 2387.

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Id.* at 2386.

As the *Woodford* Court pointed out " '[A]s a general rule . . . courts should not topple over administrative decisions unless the administrative body not only has erred, *but has erred against objection made at the time appropriate under its practice*.' " *Woodford v. Ngo*, *supra*, at 2385-2386 (citations omitted). Plaintiff did not timely object to the alleged indifference to her medical needs and under MDOC's rules she has not and no longer can properly exhaust her administrative remedies with respect to these claims. Therefore, 42 U.S.C. §1997e requires that Plaintiff's claims be dismissed with prejudice.

### III.  RECOMMENDATION

For the reasons stated above, it is RECOMMENDED that Defendants' motions be GRANTED (Dkt. #17, 18) and Plaintiff's complaint be DISMISSED for failure to exhaust her administrative remedies pursuant to 42 U.S.C §1997e.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.  A party may file a reply brief within 5 days of service of a response.  The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: April 30, 2007                                                      s/Steven D. Pepe
Flint, Michigan                                                                United States Magistrate Judge

### Certificate of Service

I hereby certify that on April 30, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Julia R. Bell and Erik A. Grill, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Audrey Grigsby, #255748, Camp Brighton Institution ,7200 Chambers Road, Pinckney, MI 48619.

                                                     s/James P. Peltier
                                                     Courtroom Deputy Clerk
                                                     U.S. District Court
                                                     600 Church St.
                                                     Flint, MI 48502
                                                     810-341-7850
                                                     pete_peliter@mied.uscourts.gov